UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHARLES ISLER,
MOVANT,

.V. CRIMINAL NO: 03-71-2-ML

UNITED STATES,
RESPONDENT.

**MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582 (c)(2)**

On April 23, 2004, Mr. Isler was Sentenced to 262 months for distribution of less than five grams of Crack Cocaine. On February 27, 2006, Mr. Isler was resentenced pursuant to **Booker,** to 180 months. Mr. Isler now, seeks reduction or modification of his Sentence pursuant to the 2007, Crack-Cocaine Amendment Submitted to Congress on May 1, 2007, and was enacted into law on November 1, 2007, and was made retroactive by the U.S. Sentencing Commission on December 11, 2007.

On December 10, 2007, the United States Supreme Court decided..... **Kimbrough .V. United States**, 552 U.S._____,2007,(Slip Opinion No: 06-6330). In Turn, **18 U.S.C. 3582 (c)(2)** provides:

(C) **modification of an imposed term of imprisonment**-The Court may not modify a term of imprisonment once it has been imposed **Except** that-

(1) <u>In any Case</u>

(A)----

(B)----

(2) In a case of a defendant who has been Sentenced to a term of imprisonment " based on " a Sentencing range that has Subsequently been lowered by the Sentencing Commission pursuant to **28 U.S.C.§ 994(o)**, **<u>Upon Motion of the Defendant</u>**, or the Director of the Bureau of prisons, or **<u>On its Own Motion</u>**, the Court may reduce the term of imprisonment, after Considering the factors set forth in **§ 3553(a)** to the extent that they are applicable, if such a reduction is consistent with applicable policy Statements issued by the Sentencing Commission.

IN **<u>Rita .V. United States</u>**, 551 U.S.____,______2007,(Slip Opinion <u>at</u> 12) ( a district Court may consider arguments that " the guidelines Sentence itself fails properly to reflect **§ 3553(a)** Consideration"). Given all the above, it would not be an **<u>abuse of discretion</u>** for the district court to conclude at the resentencing of this particular defendant that the Crack Cocaine powder disparity yeilded a Sentence " greater than necessary " to achieve **§ 3553(a)**'s purposes even in a mine-run case. **<u>Kimbrough,</u>** Supra (Slip Opinion **<u>at</u>** 21).

Mr. Isler's base offense level for less than 5 grams of Cocaine under the powder formula would produce a base offense level of 12 with a Criminal History Category of VI would produce a Sentencing range of 30-37 months. This same amount of less than 5 grams of cocaine under a Cocaine base "Crack" formula would produce a base offense level of 24 with a Criminal History Category VI would produce a Sentencing range of 100-125 months.

Mr. Isler was resentenced on February 27, 2006 pursuant to **Booker,** to 180 months. Comparing the guideline range to the range that would have applied if Mr. Isler had been Sentenced to an equal amount of Cocaine powder instead of "Crack" suggests that the 100-to-1 ratio itself created an Unwarranted disparity within the meaning of **§ 3553(a)**. SEE: **Kimbrough,** Supra (Slip Opinion **at** 22). Even though Mr. Isler is a Career offender the guidelines are no longer "mandatory" but now the modification of the Sentencing Statute in **Booker,** "makes the guidelines effectively advisory."
The Statute, as modified by **Booker,** contains an overarching provision instructing district Courts to "impose a Sufficient Sentence, but not greater than necessary" to accomplish the goals of Sentencing. See: **Kimbrough**, Supra (Slip Opinion **at** 12). See also: **United States .V. Martin,** ( 2008 U.S. App. Lexus 5906 No: 06-1983 decided March 21, 2008, first Circuit).
Therefore the Career offender guidelines are not binding but advisory. Since the Crack-Cocaine Amendment passed the Legislature the Commission has made an additional revision to **1B1.10** that purports to render any Sentence reduction "Unauthorized" under **§ 3582 (c)(2),** if an amendment listed in **1B1.10(C)** "does not have the effect of lowering the defendant's applicable range." For the reasons Stated above, this policy Statement under **Booker,** should be treated as advisory. Nothing in the "Statutory Language" requires that the guideline amendment actually have the effect of lowering a defendant's guideline range before the Sentencing Court can revisit the Sentence.

Rather, the Statute requires that the defendant's Sentence was " Based on " a Sentencing range that has Subsequently been lowered. See: **United States .V. LaBonte**, 70 F. 3d 1396, 1412 ( 1rst cir. 1995) ( rejecting the government's argument that § 3582 (c)(2), resentencing is inappropriate where defendant's original Sentence falls within the amended guideline range because "We cannot be confident that, faced with a different range of options, the district Court's choice will remain the same") (Overruled on other grounds 520 U.S. 751 (1997).

All Crack Sentences were " based on " the Crack guideline's Sentencing ranges because those ranges represented the starting point of every Sentencing Pre-and Post-**Booker**, even if the defendant was ultimately Sentenced as a career offender under 4B1.1. See: **Gall .V. United States**, 128 S. Ct. at 596 (2007). In addition, § 3582 (c)(2) requires Sentencing Courts to consider all applicable § 3553(a) factors. The Supreme Court recently said that " the extent of the difference between a particular Sentence and the Recommended guideline range is surely relevant " to a Sentencing decision. See: **Gall .V. United States**, 128 S. Ct. 588, 591 (2007). Given this relevance, the Sentencing Court is free under § 3582 (c)(2) to consider the retroactive Crack amendment in deciding for example, whether the advisory Sentence under the Career offender guideline is " Sufficient but not greater than necessary to satisfy the purposes of Sentencing. Now that the difference between the Sentencing range and the non-Career offender guideline Sentencing range for the same crime is even greater than before.

Given the above, there can be no doubt that Mr. Isler qualifies for a reduction in Sentence. While Mr. Isler understands that § 3582 (c)(2) proceedings do not constitute full resentencing, its purpose is to give the defendant a new Sentence. The Resentencing, while limited in certain respects, still results in the Judge calculating a new guideline range, and considering the § 3553 (a) factors, and issuing a new Sentence pursuant to the guidelines in affect at resentencing, which would be under the advisory regime pursuant to **Booker,** which prohibits upward guideline adjustments based on Judicial-fact-finding. See: **U.S. .V. Forty Estremera,** 498 F. Supp. 2d 468 ( D. Puerto Rico 2007).

**Booker,** was not a mere Statutory change which can be set aside to allow the Court to pretend it is Pre-**Booker**, for the purpose of modifying Mr. Isler's Sentence; rather, it provides a Constitutional Standard which Courts may not ignore by treating guideline ranges as mandatory in any context. Thus, to the extent that the policy Statements are inconsistent with **Booker,** by requiring the guidelines to be treated as mandatory the policy Statements must give way.... **U.S. .V. Hicks**, 472 F. 3d 1167, 1173 ( 9th cir. 2007).

Thus the Court must correct any remaining **Booker,** errors in Mr. Isler's Sentence before the reduction or modification on the retroactive Crack amendment or the Court will be " importing " the Sixth Amendment Violations into the new Sentence.

## CONCLUSION

A reduction in Sentence would also help to do away with an Unwarranted

disparity between Mr. Isler's Sentence and his Co-defendant Balial abdul Rasheed who recieved 150 months compared to Mr. Isler's 180 month Sentence and would do away with the disparity in Sentencing for two defendant's with basically equal Culpability.

Therefore Mr. Isler moves this Honorable Court to Schedule a new Sentencing hearing to have the probation department prepare a new PSI Report in accordance with **Booker**, and Consider Sentencing him as if he possessed an equal amount of powder Cocaine in Light of **Kimbrough** Supra.

Respectfully Submitted,

CHARLES ISLER #
FMC DEVENS, P.O. BOX 879
AYER, MASSACHUSETTS. 01432-0879