IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
vs. : CR. No. 03-71-02ML
:
CHARLES ISLER :

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR SENTENCE REDUCTION PURSUANT
TO 18 U.S.C. § 3582(c)(2) AND U.S.S.G. §§ 1B1.10, 2D1.1

The defendant, Charles Isler, has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §§ 1 B1.10 and 2D1.1. Defendant's motion is grounded upon a 2007 amendment to the United States Sentencing Guidelines which generally reduced by two levels the offense levels found in U.S.S.G. § 2D1.1 for crack cocaine.

Facts and Travel

On August 6, 2003, a federal grand jury returned an indictment charging Charles Brown, Charles Isler, and Bilal Abdul Rashid with conspiracy to distribute and possession with intent to distribute more than 50 grams of cocaine base (Counts I and II) and Charles Brown with a third count of possession with intent to distribute more than 5 grams of cocaine base (Count III). Following a jury trial, on February 4, 2004, the jury returned a verdict of guilty as to all counts of the Indictment

against all three defendants. With respect to Charles Isler and Bilal Abdul Rashid, however, the jury found them guilty of the lesser included offense of conspiracy and possession with intent to distribute five grams or less of cocaine base, in violation of 21 U.S.C. § 841(a)(1)&(b)(1)(C) and 846.

The Court held a sentencing hearing on April 23, 2004. At that time, the Court found that the defendant was responsible for 155 grams of crack cocaine. This amount of crack cocaine resulted in an offense level of 34. The Court, however, also found that Isler was a career offender, resulting in an offense level of 34 and a Criminal History Category of VI. The Court sentenced defendant under the mandatory guidelines to 262 months on Counts I and II - the low end of the guidelines range. Defendant appealed. While the appeal was pending in the First Circuit, the Supreme Court announced the decision in United States v. Booker, and the matter was remanded for resentencing.

The Court held a second sentencing hearing on February 27, 2006. At that time, the Court again heard argument from the government and the defendant as to what sentence it should impose. The government argued for re-imposition of the original sentence. The defendant argued for the imposition of a sentence of 10 years. The Court re-affirmed its earlier finding that the defendant was responsible for 155 grams of crack cocaine and that the defendant was part of a conspiracy to sell crack cocaine out

of a fortified crack house in Providence, Rhode Island. The Court also reviewed defendant's criminal history and found again that he was correctly categorized as a career offender. The Court recognized that the guidelines were no longer mandatory and that it had the discretion to impose a lower sentence, taking into account all of the factors under 18 U.S.C. § 3553. The Court concluded its discussion as follows:

> So it's clear to me that your criminal conduct had escalated to the point where you had become a major player. You were no longer the fellow who was selling it on the corner, and you had graduated to being something much more than the street-level dealer. You had set yourself up in a fortress on Burnside Street.
>
> And so I take all that into account, as well as taking into account what I talked about just a few minutes earlier, which is what sort of potential do you have, because I now take that into the mix as part of the 3553 factors.
>
> I also look at that portion of 3553 that says that the Court should impose a sentence that is sufficient but not greater than necessary to punish you, to reflect the seriousness of the offense, to promote respect for the law, to protect the public. . . .
>
> . . .
>
> At the same time, as I say, the statute counsels the Court against imposing sentences that are excessive, and it seems to me here that the guideline sentence even at the low end is excessive. A sentence in excess of 20 years for the conduct and for the person who's before me it seems is just out of the ballpark.
>
> And so now, comes the hard part. What sentence is appropriate for you? Your lawyer says 10 years. Well I don't agree with him. . . .

> In your case, I think a sentence of 180 months ought to be sufficient to accomplish the objectives of 3553.

[Sentencing Tr. At 38-40.] And so, the Court imposed a sentence of 15 years incarceration on Counts I and II to run concurrently. The conviction and the sentence were affirmed on appeal.

Charles Isler now claims that he is entitled to a further reduction in sentence as a result of the Supreme Court's decision in Kimbrough v. United States, and 18 U.S.C. § 3582(c)(2). The government disagrees for two reasons: First, the 2007 crack guidelines amendment does not apply to Mr. Isler because he was sentenced as a career offender; and second, the defendant's ultimate sentence was imposed under the advisory guidelines, fell more than two-levels below his original sentence, and, in the Court's view, took into account all the factors under 18 U.S.C. § 3553.

Argument

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its revisions to Section 1B1.10, the Commission made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result

in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if ... an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. See, e.g., United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); United States v. Allison, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); United States v. Dorrough, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (the district court did not abuse

its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense level which applied earlier); United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion, where the defendant's offense level was not altered by the subject of the retroactive amendment); United States v. Young, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

In the instant case, Isler’s sentence did not rest on the provision regarding crack cocaine in Section 2D1.1, which has been amended. Under the version of Section 2D1.1 in effect at the time of sentencing, the defendant's base offense level for the crack offense was thirty-four, and would now be thirty-two. However, the defendant was a career offender, based on his prior convictions for other drug trafficking offenses, and accordingly his base offense level was calculated at 34 pursuant to Section 4B1.1. That enhancement is unaffected by Amendment 706, and the defendant's offense level remains exactly what it was at the time of sentencing. Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline

application decisions unaffected." U.S.S.G. § 1B1.10 (b)(1). Accordingly, the defendant may not receive any relief under Section 1B1.10.

The government also notes that, if the defendant were to be sentenced under guidelines level 32 and CH category VI (the career offender CH category), his guideline range would be 210 - 262 months, which is greater than the 180 months imposed by the Court at re-sentencing.

WHEREFORE, the government requests that this Court deny the defendant's motion.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Adi Goldstein
Adi Goldstein, Bar # 6701
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5050
401-709-5001 (fax)
Adi.Goldstein@usdoj.gov

CERTIFICATION

I hereby certify that on the 19th day of June, 2008, I mailed a copy of the within Government's Response To Defendant's Motion For Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §§ 1B1.10, 2D1.1, to:

Charles Isler
Reg. No. 05336-070
FMC Fort Devens
P.O. Box 879
Ayer, MA 01432-0879

/s/ Adi Goldstein
Adi Goldstein, Bar # 6701
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5050
401-709-5001 (fax)
Adi.Goldstein@usdoj.gov